Edward WEIL and Dorothy Weil, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 186, Docket 24839.

United States Court of Appeals Second Circuit.

Argued Feb. 10, 1958.

Decided March 6, 1958.

Martin J. Walzer, New York City (William Walzer, New York City, on the brief), for petitioners.

Thomas N. Chambers, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

This case presents questions concerning the "collapsible corporation" section of the Internal Revenue Code of 1939 as amended, 26 U.S.C.A. § 117(m). Its somewhat similar counterpart is found in the 1954 Code at 26 U.S.C.A. § 341.

In an opinion by Judge Opper, reported at 28 T.C. 809 and reviewed by the Tax Court, it was unanimously held that the corporation in question, Edsol Realty, Inc., was properly treated as collapsible within the ambit of the section cited. With that opinion we are in full agreement.

However, now on review among their contentions the petitioners raise one, not dealt with in the Tax Court opinion, which relates to the meaning of the word "principally" as used in § 117(m) (2).

"(A) For the purposes of this subsection, the term 'collapsible corporation' means a corporation formed or availed of principally for the manufacture, construction, or production of property, * * * or for the holding of stock in a corporation so formed or availed of, with a view to—

"(i) the sale or exchange of stock * * *."

Petitioners argue that "principally" should be read as modifying "with a view to" so that to be held collapsible a corporation must be "formed or availed of" "principally" with a "view to" collapse. With this artificial and restricted interpretation we do not agree. We read the word "principally" as modifying the phrase "manufacture, construction, or production of property * * *." Under this reading, the corporation may be treated as collapsible if "manufacture, construction, or production" was a principal corporate activity even if the "view to" collapse was not the principal corporate objective when the corporation was "formed or availed of * * *." This interpretation, we think, is more consonant with Congress' expressed purpose to "plug" a loophole in the tax structure with this section. See H.Rep. No.

2319, 81st Cong., 2d Sess., p. 99. See also MacLean, Collapsible Corporations—The Statute and Regulations, 67 Harv.L. Rev. 55, 59–60.

Affirmed.